**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                               :
ERIC C. HANSEN, et al.,        :
                               : CIVIL ACTION NO: 94-1751 (MLC)
        Plaintiffs,            : CIVIL ACTION NO: 00-3805 (MLC)
                               :
        v.                     :
                               :          MEMORANDUM OPINION
CALDWELL'S DIVING CO., INC.,   :
et al.,                        :
                               :
        Defendants.            :
_____:
```

**COOPER, District Judge**

This matter comes before the Court on <u>pro se</u> plaintiffs'
motion for leave to file a motion for relief from judgment,
entered in Civil Action Nos. 94-1751 and 00-3805, pursuant to
Federal Rule of Civil Procedure ("Rule") 60(a) and (b), as
required by a November 30, 2000 order in Civil Action No. 00-
3805.  The Court, for the reasons stated herein, will deny
plaintiffs' motion for leave to file a Rule 60 motion.

### BACKGROUND

**I.   Procedural History from 1994 to 2001**

Plaintiff <u>pro se</u>, Eric C. Hansen ("Hansen") filed a
complaint in February 1994 in the Court of Common Pleas for the
Fourteenth Judicial Circuit in Beaufort, South Carolina, seeking
damages for injuries he sustained in 1991 while working on a
crane barge owned by his employer Caldwell's Diving Co., Inc (the
"SC Action").  (11-29-00 Op. & Ord. at 1.)  Hansen's South

Carolina attorney later retained an attorney in New Jersey to file a similar complaint in this Court against Caldwell's Diving Co., Inc., a/k/a Caldwell Diving Co., Inc. ("Caldwell"), and Cargo Gear, Inc., Civil Action No. 94-1751 (the "NJ Action"), in case defendants successfully moved to dismiss the SC Action on jurisdictional grounds. (<u>Id.</u> at 1-2.)  The NJ Action was voluntarily dismissed with prejudice because the defendants did not oppose jurisdiction in South Carolina. (<u>Id.</u> at 2.)

Hansen executed and delivered a written offer to settle the SC Action for $1,138,960 in cash along with a full waiver of a Longshore and Harbor Workers Compensation Act ("LHWCA") lien in the amount of $181,160.04. (1-10-05 Hansen Cert., Ex. 4, 5-12-00 3d Cir. Op., at 2; <u>Id.</u>, Ex. 9, Ord. Granting Moran's Mot., at 1.) Hansen refused to sign the releases after the defendants accepted the offer, however. (1-10-05 Hansen Cert., Ex. 4, 5-12-00 3d Cir. Op., at 2.)  Defendants' motion to enforce the settlement was granted and an order was issued dismissing the SC Action with prejudice on June 12, 1996. (<u>Id.</u>)  The portion of the settlement involving Employers Insurance of Wausau's ("Wausau") waiver of the LHWCA lien was conditioned on Hansen's release of all future claims under the LHWCA.[1] (1-10-05 Hansen Cert., Ex. 9, Ord.

---

[1] Wausau, Caldwell's liability insurer, funded medical benefits and disability payments made to Hansen. (Hansen Cert., Ex. 6, Ord. Granting Hansen's Mot., at 1.)  Those payments totaled the amount of the LHWCA lien, $181,161.04. (<u>Id.</u>)  Wausau also funded the settlement on behalf of Caldwell. (<u>Id.</u> at 1-2.)

Granting Moran's Mot., at 1.)  That portion of the settlement was never consummated.[2]  (Id.)  Hansen's then attorney, Robert J. Moran, accordingly placed the disputed $181,160.04 in an escrow account.  (Id.)

Hansen, proceeding pro se, moved to reopen the NJ Action in November, 1998.  (11-29-00 Op. & Ord. at 2.)  This Court granted Hansen's motion.  (Id.)  The defendants in that action moved to dismiss on res judicata grounds on March 22, 1999.  (Id.)  The Court treated defendants' motions as motions for summary judgment.  (Id.)  The Court found, on June 29, 1999, that the NJ Action was "nearly identical" to the SC Action, which had been dismissed with prejudice pursuant to a settlement agreement, because it alleged the same cause of action against the same defendants based on the same set of facts.  (Id.)  The Court concluded, therefore, that the NJ Action was barred by res judicata and granted defendants' motions.  (Id.)

Hansen appealed our decision to the Third Circuit on July 13, 1999.  (Id.)  The Third Circuit affirmed our decision on May 12, 2000.  (Id.)  Hansen then moved for default judgment in the NJ Action on May 17, 2000.  (Id.)  The Court denied Hansen's motion for default judgment, on June 23, 2000, finding Hansen's

---

[2]  Hansen claims that the final settlement offer included waiver of the LHWCA lien. (Pl. Br. at 10.)  Hansen asserts that defendants  misrepresented to this Court and the South Carolina court that the settlement agreement "had been fully funded" and that the LHWCA lien had been waived.  (Id. at 10, 19.)

motion to be frivolous, and notifying Hansen of the possibility of sanctions if further frivolous filings continued. (Id. at 2-3.)

Hansen and his wife, Gail A. Hansen, initiated an action, under Civil Action No. 00-3805, in this Court on August 7, 2000 against Caldwell Diving Co., Inc., James D. Caldwell, Marion K. Caldwell, The Caldwell Group, and certain unknown individuals and companies. (Id. at 3.) The defendants moved to dismiss the complaint, arguing that the claims raised therein were barred by the doctrine of res judicata and the statute of limitations. (Id.) The defendants also moved for Rule 11 sanctions, contending that the complaint was frivolous and warranted the imposition of monetary sanctions to deter Hansen from further filing frivolous pleadings. (Id.) The Court granted defendants' motion to dismiss the complaint and motion for sanctions on November 29, 2000. (Id. at 12.) The Court also enjoined Hansen from filing any further papers related to the subject of this case without prior approval of the district court. (Id. at 13.) The Court stated:

> Before leave shall be granted to file any papers, Hansen must file a certification or attestation that the claims he wishes to present are new claims never before raised and disposed on the merits by any federal court and that he knows of no reason to believe his claims are foreclosed by controlling law.

(Id.) The Third Circuit affirmed our decision on October 9, 2001. (dkt. entry no. 16.)

4

Hansen litigated his claim under the LHWCA before an administrative law judge ("ALJ").  (1-14-05 Hansen Cert., Ex. 5, 12-5-02 Compl. at 2.)  The ALJ determined that Hansen was a seaman pursuant to the Jones Act and was excluded from coverage under the LHWCA on August 7, 1998.  (Id.)  Hansen's final appeal of that decision was dismissed by the United States Supreme Court on November 26, 2001.  (Id.)  The United States Department of Labor issued a letter to Hansen advising him that he was not covered by the LHWCA and that funds paid to him must be re-paid to Wausau.  (Id.; Id., Ex. 6, Ord. Granting Hansen's Mot., at 2.)

## II.  Procedural History in South Carolina Court Beginning in 2002

Wausau filed a complaint, on December 6, 2002, in the South Carolina Court of Common Pleas against Hansen and Moran demanding entry of judgment against defendants in the amount of $181,160.04 plus accrued interest and costs.  (1-14-05 Hansen Cert., Ex. 5, 12-6-05 Compl., at 3.)  Hansen filed an answer and counterclaim against Wausau, on January 16, 2003, asserting, inter alia, that he was entitled to collection of the lien.  (Id., Ex. D, Pl.'s Response Hansen's Mot., at 3.)  Moran filed a motion, on December 31, 2002, requesting that the contested escrow funds be deposited with the court.  (Hansen Br. at 12.)  Hansen then filed a cross-claim against Moran for breach of contract, negligence, breach of trust, and violation of the Unfair Trade Practices Act. (1-14-05 Hansen Cert., Ex. 9, Ord. Granting Moran's Mot., at 2.)

Hansen filed a motion for leave to file a third-party complaint against Caldwell on December 3, 2003.  (Id., Ex. D, Pl.'s Response to Hansen's Mot., at 3.)  Moran withdrew his motion to deposit the escrow funds with the court on December 18, 2003.  (Id., Ex C, Ord. Granting Hansen's Mot., at 1.)  The South Carolina Court of Common Pleas granted Hansen's motion for judgment on the pleadings on January 26, 2004 holding that Wausau's claim against Hansen was not a cognizable cause of action.  (Id., Ex. 6, Ord. Granting Hansen's Mot., at 5.)  The court ordered Moran to release the escrow funds to Hansen within ten days of service of the order.  (Id.)  Wausau filed a motion for reconsideration and alteration of the court's order on the grounds that: (1) Wausau had a valid judicially created lien under LHWCA and (2) the court lacked jurisdiction to order the escrow funds be given to Hansen.  (2-2-05 Hansen Cert., Ex. 7, Pl.'s Reconsideration Mot.)

The South Carolina Court of Common Pleas granted Wausau's reconsideration motion in part relating to the release of the escrow funds ("February 18, 2004 Order").  (Id., Ex. 8, 2-18-04 Ord.)  The court found that because Moran withdrew his motion to deposit funds with the court, there was no pending motion regarding the funds.  (Id.)  The court later amended its February 18, 2004 Order, on February 20, 2004, redacting language that indicated that Moran withdrew his motion to deposit funds with the court.  (Id., Ex. 9, 2-20-04 Ord.)  Hansen's attorney, David

6

B. Marvel, filed a motion to compel release of the escrow funds on behalf of his client on March 2, 2004.  (Id., Ex. 10, Mot. Compel.)  The court denied that motion on March 9, 2004, finding that the court had not ordered the funds to be held in escrow and therefore lacked jurisdiction to order the funds released.  (Id., Ex. 11, Ord. Denying Mot. Compel.)  The South Carolina Court of Common Pleas, during oral argument on April 5, 2004, granted Moran's: (1) summary judgment motion and dismissed the cross-claims against Moran and (2) motion to deposit the escrow funds with the court.  (Id., Ex. 12, Judgment in a Civil Case, at 2.)

Hansen filed a third-party complaint against Caldwell, on April 13, 2004, for maintenance and cure and breach of the settlement agreement.  (1-14-05 Hansen Cert., Ex. 7, 3d Party Compl.)  Caldwell moved to dismiss the complaint, on August 13, 2004, arguing that: (1) plaintiff initiated the action beyond the statute of limitation; (2) the complaint failed to state a cause of action; and (3) the claim for maintenance and cure was barred by res judicata.  (Id., Ex. 8, Mot. Dismiss.)

The South Carolina Court of Common Pleas considered Marvel's motion to be relieved as Hansen's counsel and whether Hansen's claims should be removed to federal court at a hearing held on August 12, 2004.  (Id., Ex. 10, Dismissal Ord., at 1.)  Hansen informed the court that he wanted his claims against Wausau and Caldwell to be removed to federal court in New Jersey.  (Id. at 2.) The court advised Hansen that removal to a federal court in New

Jersey was impossible, but Hansen refused to permit his claims to
be transferred to a federal court in South Carolina.  (Id.)

The court dismissed Hansen's claims against Caldwell and
Wausau without prejudice on September 23, 2004, finding that
Hansen's claims arising out of the LHWCA should be resolved by a
federal court.  (Id. at 3.)  The court, thus, ordered the clerk
of the court to hold the deposited escrow funds "pending an Order
of the United States District Court or any other court of competent
jurisdiction, authorizing and directing the release of the funds,
or an agreement of Mr. Hansen and Wausau authorizing and directing
the release of the funds."  (Id. at 4.)  That same day the court
memorialized its April 26, 2005 order, ordering that: (1) all
cross-claims against Moran be dismissed on statute of limitations
grounds and (2) the clerk of the court accept the escrow funds
and hold the funds until otherwise ordered by the court.  (2-2-05
Hansen Cert., Id., Ex. 13, Ord. Granting Moran's Mot.)

The court denied Hansen's motion for reconsideration on
December 14, 2004 and ordered Hansen not to submit further
motions to the Circuit Court or the Office of the Clerk of the
Court.  (1-14-05 Hansen Cert., Ex. 11, Ord. Denying Reconsid.)
Hansen appealed "various . . . orders issued by the lower court"
to the South Carolina Court of Appeals on January 3, 2005.
(Hansen Br. at 18.)  That appeal is currently pending.  (Id.)

III. **Procedural History in this Court Beginning in 2004**

Robert Rue, an attorney writing on behalf of Hansen, advised the Court, on August 31, 2004, of developments in the South Carolina courts. (Rue Letter.) Hansen wrote the Court on October 10, 2004, requesting permission to file necessary papers to obtain the release of the funds held in escrow. (10-13-04 Hansen Letter.) Hansen and his wife filed a Rule 60 motion, which we construe as a motion for leave to file a motion for relief from judgment, relating to civil action numbers 94-1751 and 00-3805 on January 14, 2005. (Hansen's Mot.) Hansen wrote the Court, the South Carolina Court of Common Pleas, and the attorneys involved in this matter, on January 19, 2005, advising "everyone involved that in addition to" his filing an appeal with the South Carolina Court of Appeals, he had filed a Rule 60 motion with this Court. (1-19-05 Hansen Letter.) Hansen stated that the reason for his filing a Rule 60 motion was "due to the fact the New Jersey action was filed in 1994 was represented as a protective action in the event jurisdiction became a disputed issue and because the actions are all directly related, whereas the South Carolina Court currently requires an Order from a United States District Court." (Id.)

## DISCUSSION

I.  **Rule 60 Motion**

Rule 60 allows a party to seek relief from a final judgment or order.  Rule 60 provides in pertinent part:

> (a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.
> . . .
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.  On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) the judgment is void; (5) . . . it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

To the extent that plaintiffs' motion is a Rule 60(a) motion, Rule 60(a) does not apply because there is no clerical mistake here.  See Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).  Plaintiffs, therefore, cannot take advantage of Rule 60(a)'s liberal time provision authorizing the correction of clerical errors "at any time."

Rule 60(b)(1) is not implicated because plaintiffs do not allege that the Court made a substantive "mistake" in issuing its June 29, 1999 or November 29, 2000 orders.  See Stradley, 518

F.2d at 493 ("Rule 60(b)(1) is concerned with mistakes of a substantive nature."). Assuming arguendo that plaintiffs allege a substantive mistake under Rule 60(b)(1), the motion is time-barred because it was filed more than four years after the entry of judgment. See id. ("Relief under Rule 60(b)(1), however, is limited to motions made 'not more than one year after the judgment, order, or proceeding, was entered or taken.'"). Rule 60(b)(2) also is not implicated here because plaintiffs do not contend that newly discovered evidence warrants relief from judgment.

Plaintiffs, rather, contend that Rule 60(b)(3) applies because of alleged fraud committed by defendants. Plaintiffs assert that "the defendants and their legal representatives intentionally placed fraud upon the United States District Court and the U.S. Court of Appeals for the Third Circuit by misrepresenting the true facts surrounding the S.C. action and representing to the court that Mr. Hansen had received all proceeds from that action, which clearly he did not." (Hansen Br. at 24.) Plaintiffs' motion pursuant to Rule 60(b)(3), however, is time-barred. See Fed.R.Civ.P. 60(b)(Rule 60(b)(3) motions are subject to a one-year statute of limitations).

Rule 60(b)(4) also does not apply here. Rule 60(b)(4) allows for relief from judgment if the judgment is void. A judgment may be deemed void "if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered a decree which is not within the powers granted to it by the law."

United States v. One Toshiba Color T.V., 213 F.3d 147, 157 (3d Cir. 2000) (citation and quotations omitted).  A judgment may also be void if a court "acted in a manner inconsistent with due process of law."  Constr. Drilling, Inc. V. Chusid, No. 03-3786, 2005 WL 1111760, at *3 (3d Cir. May 11, 2005).  Plaintiffs do not allege that this Court lacked jurisdiction over the subject matter or the parties or that the Court acted inconsistent with due process of law.  Rule 60(b)(4), therefore, does not apply here.

Rule 60(b)(5) allows for relief from judgment if, inter alia, "it is no longer equitable that the judgment should have prospective application."  Rule 60(b)(6) provides that a party may be relieved from a final judgment for "any other reason justifying relief from operation of the judgment."  Rule 60(b) expressly requires that motions made pursuant to Rule 60(b)(5) and (6) be made within a "reasonable time."  A party seeking relief under Rule 60(b)(6) must show: "(1) that the reason for relief sought under [Rule] 60(b)(6) is not embraced within the various provisions of [Rule] 60(b)(1-5); and, (2) that exceptional circumstances exist which warrant the granting of extraordinary relief."  Stradley, 518 F.2d at 494.

Plaintiffs' arguments, set forth in the brief submitted to the Court, may be construed to state a Rule 60(b)(5) and (6) motion.  Plaintiffs assert that the Court should grant the motion "under the extraordinary circumstances" because defendants have

12

conspired to "force the [plaintiffs] to endure emotional distress, financial damages, among other damages to be named, as well as defend themselves against frivolous legal actions . . . ." The Court finds that the circumstances here are not so extraordinary that exceptional relief, in the form of relieving plaintiffs from the Court's final judgments, is warranted.  The Court, therefore, will deny plaintiffs' motion for leave to file a Rule 60 motion.

## II.  **Res Judicata**

Res judicata "prohibit[s] relitigation of claims and issues decided in a prior proceeding."  Pittman v. LaFontaine, 756 F.Supp. 834, 840 (D.N.J. 1991) (citations and quotations omitted).  Res judicata, or claim preclusion:

> will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one.

Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995).  Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing litigation of matters that should have been raised in an earlier suit."  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).

To invoke claim preclusion under New Jersey law, the subsequent action must involve substantially similar causes of action, issues, parties and relief as were involved in the prior

13

action.  Pittman, 756 F.Supp. at 841.  To characterize two causes
of action as the same for claim preclusion purposes, a court
considers: (1) whether the wrong for which redress is sought is
the same in both actions (that is whether the acts complained of
and the demand for relief are the same); (2) whether the theory
of recovery is the same; (3) whether the witnesses and documents
necessary at trial are the same; and (4) whether the material
facts alleged are the same.  Id. at 841 (citing Culver v. Ins.
Co. of N. Am., 559 A.2d 400, 405 (N.J. 1989)).  Claim preclusion
applies not only to matters actually determined in an earlier
action, but to all relevant matters that could have been
determined.  See Culver, 559 A.2d at 406.

Plaintiffs seek to proceed on the merits of "this complaint"
and assert claims against Caldwell for, inter alia, maintenance
and cure.  (Hansen Br. at 30.)  The Court first notes that no
complaint is currently filed nor is there any motion presently
docketed under either docket number 94-1751 or 00-3805.  The
Court, on November 29, 2000, ordered that plaintiffs' complaint
against Caldwell for, inter alia, failure to provide maintenance
and cure, be dismissed based on res judicata grounds.  (11-29-00
Op. & Ord.)  The South Carolina Court of Common Pleas issued an
order dismissing plaintiffs' complaint against Caldwell for,
inter alia, maintenance and cure, on September 23, 2004. (1-14-05
Hansen Cert., Ex. 10, Dismissal Ord.)  Both of these orders
constitute final judgments on the merits and preclude plaintiffs

14

from again attempting to relitigate claims involving the same cause of action, parties, demand for relief, and transaction or occurrence as in the prior state and federal proceedings.  The Court holds that plaintiffs are barred by res judicata from relitigating claims that were the subject of multiple final judgments on the merits.  We, therefore, will deny plaintiffs' motion for leave to file a Rule 60 motion.

### III. **Abstention**

The Court will also deny plaintiffs' motion for leave to file a Rule 60 motion because plaintiffs' claims are barred under the <u>Rooker</u>-<u>Feldman</u> and <u>Younger</u> abstention doctrines.  The <u>Younger</u> abstention doctrine applies to pending state civil proceedings. <u>Pennzoil Co. v. Texaco</u>, 481 U.S. 1, 10-17 (1987).  Under the <u>Younger</u> abstention doctrine, a federal court should abstain from exercising jurisdiction in an action when (1) there are ongoing state proceedings implicating important state interests, and there is an adequate opportunity to raise federal claims therein, and (2) there is no showing of bad faith, harassment, or some other extraordinary circumstance making abstention inappropriate. <u>Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 435 (1982) (applying <u>Younger v. Harris</u>, 401 U.S. 37 (1971), to civil actions; stating federal court should abstain from exercising jurisdiction in action when state proceedings are ongoing); <u>Anthony v. Council</u>, 316 F.3d 412, 418-21 (3d Cir. 2003).

15

A federal court, under the <u>Rooker</u>-<u>Feldman</u> doctrine, lacks subject matter jurisdiction over claims that were, or could have been, raised in state proceedings, where the losing party may seek review through the state appellate process and, if warranted, certiorari to the United States Supreme Court.  <u>D.C. Ct. of Apps. v. Feldman</u>, 460 U.S. 462, 482 & n.16 (1983) (stating federal court lacks jurisdiction over claims raised in state proceedings); <u>Rooker v. Fid. Tr. Co.</u>, 263 U.S. 413, 414-16 (1923) (stating same).  A losing party may not "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994).

The Court will abstain from considering plaintiffs' claims because plaintiffs are currently involved in judicial proceedings before the South Carolina Court of Appeals.  Those ongoing proceedings implicate important state interests - the settlement agreement in dispute was consummated in South Carolina and subject to a judicial order signed by the South Carolina Court of Common Pleas.  Plaintiffs will have an adequate opportunity to raise federal claims in the action pending before the South

Carolina Court of Appeals.[3]  It also appears that there is no bad faith, harassment, or extraordinary circumstance present here. We, therefore, will abstain from considering plaintiffs' claims pursuant to the Younger doctrine.

Plaintiffs' claims can be raised, and are currently being considered, in state court.  Plaintiffs' motion effectively challenges orders and judgments issued by the South Carolina courts and therefore must be reviewed by the appropriate state appellate process, of which plaintiffs are currently taking advantage.  The Court, therefore, will deny plaintiffs' motion for leave to file a Rule 60 motion because, pursuant to the Rooker-Feldman doctrine, we do not have jurisdiction to consider plaintiffs' motion.[4]

---

[3] The South Carolina Court of Common Pleas seems to have erred in finding that plaintiffs' claim arising out of the LHWCA should be resolved by a federal court.  (See Hansen Cert., Ex. 10, Dismissal Ord., at 4.)  Third party actions under LHWCA may be tried by state courts.  See Kermarec v. Compagnie Generale Transatlantique, 348 U.S. 625, 628 (1959) ("If this action [an action by a guest of a crew member for injuries sustained on a vessel brought in the United States District Court for the Southern District of New York] had been brought in state court, reference to admiralty law would have been necessary to determine the rights and liabilities of the parties."); Paxos v. Jarka Corp., 171 A. 468, 469 (Pa. 1934) ("Admittedly, practice in the federal courts does not control in the courts of this state, but we [the Pennsylvania Supreme Court] will enforce the substantive rights given all parties here of record by the federal [LWHCA] statute.").

[4] The funds in dispute are currently being held by the Clerk of the Court for Georgetown County, South Carolina.  (See Hansen Cert., Ex. 10, Dismissal Ord., at 4.)  It, therefore, would appear that the disposition of the funds should be considered by a court sitting in South Carolina.

## CONCLUSION

The Court, for the reasons stated supra, will deny plaintiffs' motion for leave to file a Rule 60 motion.  The Court will also renew its stern warning regarding plaintiffs' persistent filings in connection with this matter.  (See 11-29-00 Op. & Ord.)  The Court reminds plaintiffs that they remain enjoined from filing any further papers related to the subject matter of this case without prior approval of the Court.  (See id.)  Plaintiffs are again warned that the continued filing of frivolous motions may invoke the imposition of monetary sanctions.  (See id.)


　　s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

18